UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-CV-03692-RGK-JPRx | Date | July 23, 2019 |
|---|---|---|---|
| Title | *MARTINEZ v. ANTHEM COMPANIES, INC.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Defendant's Motion to Compel Arbitration (DE 10)

## I. INTRODUCTION

On March 20, 2019, Roxanne Martinez ("Plaintiff") filed a Complaint against Anthem Companies, Inc. ("Anthem") alleging the following causes of action: (1) disability discrimination; (2) failure to accommodate; (3) failure to engage in the interactive process; (4) retaliation, in violation of the California Fair Employment and Housing Act ("FEHA"); (5) failure to prevent discrimination, in violation of FEHA; (6) hostile work environment; (7) negligent infliction of emotional distress; and (8) wrongful termination, in violation of public policy.

On May 1, 2019, Anthem filed the instant Motion to Compel Arbitration and Stay Proceedings ("Motion"). For the following reasons, the Court **GRANTS** Anthem's Motion.

## II. FACTUAL BACKGROUND

On November 7, 1996, Plaintiff executed an application for employment with Anthem.[1] Plaintiff later signed an offer letter from Anthem on May 5, 1997. Both the employment application and the offer letter informed Plaintiff that she would be subject to Anthem's arbitration policy ("Arbitration Policy" or "Policy"). (Def.'s Mot. Compel Arb. 2:28–3:16, ECF No. 10.) On May 21, 1997, Plaintiff signed an acknowledgment that she had received the employee handbook ("Acknowledgment"). The Acknowledgment also informed Plaintiff that she would be subject to the Arbitration Policy. (Def.'s Mot. Compel Arb. 3:19–24.)

Anthem amended its Arbitration Policy in 2001. Between 2002 and 2005, Plaintiff signed annual certifications that she had received the associate handbook ("Certifications"). The Certifications

---

[1] Plaintiff originally contracted with WellPoint Health Networks Inc. ("WellPoint") and its subsidiary, Blue Cross of California. WellPoint later merged with Anthem, Inc., which is the parent corporation of Defendant Anthem. Because each company is subject to the same policies, the Court refers to them collectively as Anthem.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-CV-03692-RGK-JPRx | Date | July 23, 2019 |
|---|---|---|---|
| Title | ***MARTINEZ v. ANTHEM COMPANIES, INC.*** | | |

provided that Plaintiff would continue to be subject to Anthem's Arbitration Policy. (Def.'s Mot. Compel Arb. 4:9–18.)

Plaintiff also completed annual online compliance trainings between 2007 and 2017. During the training exercises, Plaintiff confirmed her agreement to comply with all Anthem policies. (Def.'s Mot. Compel Arb. 4:24–5:3.)

On September 11, 2018, Anthem terminated Plaintiff for failure to return from leave. Plaintiff filed the present action in Ventura County Superior Court on March 20, 2019. The action was removed to federal court on May 1, 2019, on the basis of diversity jurisdiction.

### III.  JUDICIAL STANDARD

The Federal Arbitration Act ("FAA") provides that written agreements "shall be valid, irrevocable, and enforceable, save upon such grounds that exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Under the FAA, courts must "compel arbitration 'in accordance with the terms of the agreement' upon the motion of either party to the agreement (assuming that the 'making of the arbitration agreement or the failure to . . . perform the same' is not at issue)." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011) (quoting 9 U.S.C. § 4). The role of the court is to determine "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).

The FAA establishes federal policy that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983). Under § 3 of the FAA, courts must, upon application by one of the parties, stay an action involving arbitrable disputes until arbitration is complete.
9 U.S.C. § 3.

### IV.  DISCUSSION

Anthem moves to compel arbitration pursuant to the Arbitration Policy that the parties entered into when Plaintiff was an Anthem employee. Anthem contends that the Policy contained a valid provision assigning arbitrability disputes to an arbitrator ("delegation provision"). Anthem argues that, under the delegation provision, an arbitrator should decide whether the Policy is valid and whether it encompasses the dispute at issue.

Plaintiff contends that no such arbitration agreement exists because she did not agree to Anthem's Arbitration Policy. Plaintiff also argues that both the delegation provision and the Arbitration Policy are unconscionable.

The Court first addresses whether an arbitration agreement exists between the parties before turning to the delegation provision.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-CV-03692-RGK-JPRx | Date | July 23, 2019 |
|---|---|---|---|
| Title | *MARTINEZ v. ANTHEM COMPANIES, INC.* | | |

### A.  An Arbitration Agreement Exists

Although Plaintiff signed an employment application, offer letter, Acknowledgment, and Certifications referencing Anthem's Arbitration Policy, Plaintiff contends that there was no arbitration agreement between the parties. In particular, Plaintiff notes that she did not read the employee handbook before signing the Acknowledgment, and that Anthem did not give her a copy of the Policy along with any of the documents. Plaintiff concedes, however, that she received the employee handbook before signing the Acknowledgment.

In California, a contracting party may be bound by the terms of a document that is not attached to the contract. *Shaw v. Regents of Univ. of Cal.*, 58 Cal. App. 4th 44, 54 (1997). For the terms of another document to be incorporated into an executed contract: (1) the reference to the incorporated document must be clear and unequivocal; (2) the reference must be called to the attention of the other party, and the other party must agree to it; and (3) the terms of the incorporated document must be known or easily accessible to the parties. *Id.*

Here, Anthem contends that an arbitration agreement exists because Plaintiff signed seven different documents incorporating the Arbitration Policy. Anthem's employment application, offer letter, and Acknowledgment informed Plaintiff that she would be "subject to the [Arbitration Policy] . . . as more fully described in Human Resources Policy #613, Arbitration." (Def.'s Mot. Compel Arb. 3:2–27.) Moreover, Anthem's Certifications provided that Plaintiff "will continue to be subject to the [Arbitration Policy] . . . as more fully described in the Associate Handbook and Human Resources Policy #613, Arbitration." (Def.'s Mot. Compel Arb. 4:16–19.) Anthem called Plaintiff's attention to the Policy by placing the following provision directly above the signature line in the offer letter: "I agree to abide by the arbitration policy." (Def.'s Mot. Compel Arb. 3:17–18.) The language in each document clearly referenced the Arbitration Policy and informed Plaintiff where the Policy was located. Furthermore, Plaintiff does not deny that she had access to the Policy on Anthem's intranet site, Pulse, beginning in 2007. (Klaas Decl. ¶ 11, ECF No. 10.)

The Policy was therefore incorporated into the aforementioned documents that Plaintiff signed. Accordingly, the Court finds that an arbitration agreement exists.[2]

### B.  The Delegation Provision is Valid and Not Unconscionable

The Court turns next to whether the Arbitration Policy is valid and whether it encompasses the dispute at issue. Anthem contends that the Arbitration Policy includes a valid delegation provision, and as such, an arbitrator should determine whether the Policy is valid and whether it encompasses Plaintiff's action.

---

[2] Plaintiff also argues that an arbitration agreement did not arise when she completed Anthem's training exercises between 2007 and 2017. Given that the Court finds that an arbitration agreement exists, it need not consider this argument.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-CV-03692-RGK-JPRx | Date | July 23, 2019 |
|---|---|---|---|
| Title | ***MARTINEZ v. ANTHEM COMPANIES, INC.*** | | |

A delegation provision is enforceable only if it clearly and unmistakably assigns arbitrability disputes to an arbitrator. *See AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986).

Here, the delegation provision in the Arbitration Policy expressly provided that "[t]he Arbitrator shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of [the Policy], including but not limited to any claim that all or any part of [the Policy] is void or voidable." (Def.'s Mot. Compel Arb. 6:27–7:2.) Notably, an identical provision was upheld by the Supreme Court. *See Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 66, 72–76 (2010) (holding that the provision delegating arbitrability disputes to an arbitrator was valid). Accordingly, the Court finds that the delegation provision is valid.

As for unconscionability, Plaintiff argues that the Court should not enforce the delegation provision because it is unconscionable. Arbitration agreements—and the provisions within such agreements—are subject to general contract defenses grounded in state law, such as fraud, duress, or unconscionability. *See Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 686–87 (1996). However, "the party opposing arbitration bears the burden of proving any defense, such as unconscionability." *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1260 (9th Cir. 2017). If a party challenges a delegation provision based on unconscionability, "the court must consider only arguments 'specific to the delegation provision'" rather than arguments applicable to the arbitration agreement. *See Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1210 (9th Cir. 2016) (quoting *Rent-A-Ctr.,* 561 U.S. at 73 (2010)).

Under California law, "unconscionability has both a procedural and a substantive element, the former focusing on oppression or surprise due to unequal bargaining power, the latter on overly harsh or one-sided results." *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 114 (2000). While Plaintiff contends that the delegation provision is procedurally and substantively unconscionable, Plaintiff fails to support her contention that the delegation provision is substantively unconscionable. Rather than challenge the delegation provision itself, Plaintiff merely challenges the Arbitration Policy as a whole. Plaintiff has therefore failed to show that the delegation provision is both procedurally and substantively unconscionable. *See Mohamed*, 848 F.3d at 1210.

Because the Court finds that the delegation provision is valid, the Court enforces it without considering whether the Arbitration Policy is enforceable, per the language of the provision. *See Rent-A-Ctr.*, 561 U.S. at 72 ("Accordingly, unless [defendant] challenged the delegation provision specifically, we must treat [the Agreement] as valid . . . and must enforce it . . . leaving any challenge to the validity of the Agreement as a whole for the arbitrator.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-CV-03692-RGK-JPRx | Date | July 23, 2019 |
|---|---|---|---|
| Title | ***MARTINEZ v. ANTHEM COMPANIES, INC.*** | | |

**V.      CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Anthem's Motion to Compel Arbitration. Accordingly, pursuant to 9 U.S.C. § 3, the Court **STAYS** the action pending outcome of the arbitration.

**IT IS SO ORDERED.**

:

Initials of Preparer